**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Zachary King**,

          Plaintiff,

vs.

**City of Minneapolis**; and **Officer Joshua Stewart, Officer Sundiata Bronson, Officer Ka Yang, Officer Darah Westermeyer,** and **Officer Joseph Klimmek**, in their individual and official capacities,

          Defendants.

**Court File No.**

**COMPLAINT WITH JURY DEMAND**

---

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, and under the common law of the State of Minnesota, against the City of Minneapolis and Officers Joshua Stewart, Sundiata Bronson, Ka Yang, Darah Westermeyer, and Joseph Klimmek, police officers of the City of Minneapolis, in their individual and official capacities.

2. It is alleged that the Defendant Officers made an unreasonable seizure of Plaintiff's person, violating his rights under the Fourth Amendment to the United States Constitution, and that these violations were committed as a result of policies and customs of the City of Minneapolis. It is further alleged that Defendants assaulted and battered Plaintiff under Minnesota state law.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Zachary King was at all material times a resident of Minneapolis, Minnesota, and of full age.

6. Defendant Police Officers Joshua Stewart, Sundiata Bronson, Ka Yang, Darah Westermeyer, and Joseph Klimmek were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

7. The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of the Defendant Officers. Defendant City of Minneapolis is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials, including Officers Joshua Stewart, Sundiata Bronson, Ka Yang, Darah Westermeyer, and Joseph Klimmek.

## FACTS

8. On June 18, 2012, at approximately 2:30 a.m., Plaintiff Zachary King was in downtown Minneapolis, walking on the sidewalk towards his parked vehicle. Mr. King was on his way home.

9. Mr. King has a permit to carry a weapon. At the time of the incident described below, Mr. King was lawfully carrying a handgun as well as his permit. Mr. King's handgun was in a holster, which was on his waste, tucked underneath his shirt.

10. As he walked towards his vehicle, Mr. King noticed some commotion outside involving people he did not know. Mr. King was not involved in the commotion and did not know what was going on. At the same time, Mr. King saw a group of Minneapolis police officers nearby. For his safety, and to avoid the commotion on the street, Mr. King turned slightly and started walking towards the group of police officers he saw standing nearby. Mr. King walked towards the officers because he believed that doing so would ensure his safety and allow him to safely pass the area and get to his vehicle.

11. As Mr. King proceeded to walk towards the officers, Defendant Officer Stewart made contact with Mr. King and stated, "Hey you! What's that bulge under your shirt?" In response, Mr. King immediately stopped, slowly raised both of his hands, and stated, "I have a conceal and carry permit. That's my gun." Officer Stewart immediately lunged at Mr. King, grabbed him by the throat, pushed him against the wall, and started to choke Mr. King.

12. Mr. King immediately felt difficulty breathing as a result of the choking, but proceeded to tell Officer Stewart, while he was being choked, that he had a permit to carry. Officer Stewart ignored Mr. King, and, while choking Mr. King, reached into Mr. King's holster and

pulled out Mr. King's handgun. As soon as he pulled out the gun, Officer Stewart yelled out, "Gun! Gun! Gun!"

13. Immediately after, Defendant Officers Yang, Bronson, and Westermeyer tackled Mr. King, slammed him to the ground, and proceeded to viciously beat Mr. King without any justification whatsoever. During the beating, Mr. King did not resist or interfere with the Defendant Officers in any manner and had fully submitted to the Officers. Throughout the beating, Mr. King continued to tell the Officers that he had a permit to carry in his wallet, but the Officers ignored Mr. King and continued to viciously assault him without justification. During the beating, Officer Stewart also announced to the other officers that he had removed the gun from Mr. King, but the assaulting Officers ignored Officer Stewart and proceeded to assault Mr. King without justification.

14. At one point, the Defendant Officers handcuffed Mr. King, pulled out his wallet, and retrieved Mr. King's gun permit. At this time, the Defendant Officers finally terminated the beating. The Defendant Officers then placed Mr. King in the squad and arrested him without justification.

15. Defendant Officer Klimmek stood in close proximity to Mr. King throughout the assault and observed the entire incident. Officer Klimmek had the opportunity to intervene, but failed to do so and simply stood by without taking any action to help Mr. King or stop the assault.

16. Mr. King suffered severe physical injuries as a result of the Defendant Officers' assault and was taken to Hennepin County Medical Center by the paramedics who were called to the scene.

17. Officers Stewart and Bronson joined Mr. King at the hospital. At one point, the medical personnel attending to Mr. King decided to take photographs of Mr. King's injuries. Officer

Bronson interfered with this process and attempted to prevent the medical personnel from photographing Mr. King's injuries.

18. After Mr. King was treated, he was transported and booked into the Hennepin County Jail. Mr. King spent the day in jail, and was ultimately bailed out and released in the evening.

19. The Defendant Officers later falsified their police reports and falsely charged Mr. King with obstruction of legal process. All charges against Mr. King were ultimately dismissed.

20. As a result of the Defendant Officers' actions, Mr. King endured severe physical pain, suffering, and discomfort during the beating and arrest.

21. As a result of the Defendant Officers' actions, Mr. King suffered prolonged pain, bruising, swelling, and lacerations to his face.

22. As a result of the Defendant Officers' actions, Mr. King suffered long-term pain and injuries to his head and neck, which resulted in ongoing headaches and migraines and required extensive physical therapy to treat.

23. As a result of the Defendant Officers' actions, Mr. King suffered severe emotional/psychological trauma, anguish, and distress, including depressed mood, anxiety, paranoia, fear, insecurity, difficulty sleeping, and diminished quality and enjoyment of life.

24. As a result of the Defendant Officers' actions, Mr. King suffered shame, humiliation, and embarrassment.

25. As a result of the Defendant Officers' actions, Mr. King was unlawfully detained at the Hennepin County Jail for one day.

26. As a result of the Defendant Officers' actions, Mr. King required medical and psychological treatment and has incurred medical expenses.

27. As a result of the Defendants' actions, Mr. King was forced to make numerous court appearances and defend himself against the false criminal charges fabricated by the Defendant Officers, which were later dismissed by Defendant City of Minneapolis.

## INJURIES SUFFERED

28. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of his person;

    b. Physical pain and suffering;

    c. Emotional trauma and suffering;

    d. Unlawful detention;

    e. Medical expenses.

29. The actions of the Defendant Officers violated the following clearly established and well settled federal constitutional rights of Plaintiff:

    a. Freedom from unreasonable seizures of his person;

    b. Freedom from the use of excessive, unreasonable, and unjustified force against his person.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST OFFICERS STEWART, BRONSON, YANG, AND WESTERMEYER

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when they attacked, tackled, and assaulted Plaintiff, all without justification.

32. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE, EXCESSIVE FORCE, AND FAILURE TO PROTECT AGAINST OFFICERS STEWART AND KLIMMEK

33. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

34. Based on the above factual allegations, Defendant Officers Stewart and Klimmek, through his actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and excessive use of force under the Fourth Amendment to the United States Constitution by failing to protect Plaintiff from the remainder of the Defendant Officers' excessive use of force. Defendant Officers Stewart and Klimmek observed the other Defendant Officers assaulting and using excessive force on Plaintiff and had the means and opportunity to prevent it, but nonetheless failed to protect Plaintiff from the other Defendant Officers' excessive use of force.

35. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

**COUNT 3: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND FALSE ARREST AGAINST ALL INDIVIDUAL DEFENDANTS**

36. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

37. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures under the Fourth Amendment to the United States Constitution when the Defendant Officers arrested Plaintiff, took him into custody, and booked him into the Hennepin County Jail, all without a warrant and without probable cause to believe that Plaintiff had committed a crime.

38. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

**COUNT 4: 42 U.S.C. § 1983 – FORTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST THE CITY OF MINNEAPOLIS**

39. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

40. Prior to June 18, 2012, Defendant City of Minneapolis developed and maintained policies and/or customs exhibiting deliberate indifference towards the constitutional rights of persons in the City of Minneapolis or in the custody of the City of Minneapolis, which caused the violations of Plaintiff's constitutional rights.

41. It was the policy and/or custom of Defendant City of Minneapolis to inadequately supervise and train its employees, including the Defendant Officers, thereby failing to adequately prevent and discourage further constitutional violations on the part of its employees.

42. As a result of these policies and/or customs and lack of training, employees of the City of Minneapolis, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

43. These policies and/or customs and lack of training were the cause of the violations of Plaintiff's constitutional rights alleged herein.

### COUNT 5: ASSAULT AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

44. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

45. Based on the above factual allegations, the Defendant Officers assaulted Plaintiff. Specifically, the Defendant Officers engaged in wrongful, malicious, unlawful, and intentional conduct intended to put Plaintiff in immediate, imminent, and direct fear and apprehension of an offensive touching when they attacked, tackled, and assaulted Plaintiff, all without justification.

46. As a direct and proximate result of this assault, Plaintiff suffered damages as aforesaid.

### COUNT 6: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

47. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

48. Based on the above factual allegations, the Defendant Officers battered Plaintiff. Specifically, the Defendant Officers engaged in intentional, offensive, and unpermitted contact with Plaintiff when they attacked, tackled, and assaulted Plaintiff, all without justification.

49. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

## **RELIEF REQUESTED**

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that the Defendants violated Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants committed the torts of assault and battery under Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from these torts;

c. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

d. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

e. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

f. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

                              THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: November 13, 2013             By: s/ Zorislav R. Leyderman
                                          ZORISLAV R. LEYDERMAN
                                          Attorney License No. 0391286
                                          Attorney for Plaintiff
                                          The Law Office of Zorislav R. Leyderman
                                          222 South 9th Street, Suite 1600
                                          Minneapolis, MN 55402
                                          Tel: (612) 876-6626
                                          Email: zrl@ZRLlaw.com